## Commonwealth v. Louisville & Nashville Railroad Company.

(Decided April 27, 1917.)

### Appeal from Trimble Circuit Court.

1. Nuisance—Nature of Injury and Liability Therefor.—In a penal action brought by the Commonwealth to recover the penalty for polluting a running stream by emptying into it in one county, a deleterious substance which also caused the pollution of its waters in an adjoining county through which it ran, the circuit court of the latter county had jurisdiction of the offense; and where the penal action was brought therein the ruling of the circuit court in sustaining a demurrer to the petition was error.

2. Nuisance—Nature of Injury and Liability Therefor.—Whether in such case the pollution of the stream in each of the counties constituted a separate offense, it is not necessary to decide, as it was not made to appear in this case that, at the time of the institution of the penal action, a similar action or indictment against the defendant was pending in the circuit court of the county in which the substance causing the pollution of the stream was emptied therein. If the pollution of the stream in both counties should be treated as a single offense, as, under the provisions of section 24, Criminal Code, either county had jurisdiction, and it was not made to appear from the record that the defendant had been proceeded against or arrested for the offense in the county where the polluting substance was emptied into the stream, before the institution of the penal action in the other county, the circuit court of the latter county had jurisdiction of the offense and of the penal action to enforce the statutory penalty therefor.

M. M. LOGAN, Attorney General; CHARLES H. MORRIS, Assistant Attorney General, and CHARLES H. SANFORD for appellant.

BENJAMIN D. WARFIELD and MOODY & BARBOUR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

In this penal action brought by the appellant, Commonwealth of Kentucky, against the appellee, Louisville & Nashville Railroad Company, in the Trimble circuit court, the latter was charged with the statutory offense of unlawfully emptying into the Little Kentucky River, a running stream, near Sulphur Station in Henry county, "liquid ammonia and other deleterious and deadly substances, in such great quantities that the said liquid ammonia and other deadly substances were carried by said stream of water into Trimble county, from which ammonia and other substances, fish were sickened, intoxicated and killed in Trimble county and the waters of said stream were thereby rendered unfit for use in Trimble county, Kentucky; against the peace of the Commonwealth of Kentucky."

By the prayer of the petition judgment was asked against appellee for the statutory penalty of $100.00.

The recovery was sought under the provisions of section 1253, Kentucky Statutes. Although appellee entered in the court below a motion to quash the return on the summons executed upon it on the grounds that its line of railroad does not enter Trimble county, and that it

has neither an office nor agent therein; as it does not appear that the court took any action upon the motion or was asked to do so, the presumption will be indulged that it was withdrawn or waived by the appellee. After making the motion, it did, however, file a general and special demurrer to the petition which the circuit court sustained; and, in addition, dismissed the petition. An exception was taken by the Commonwealth' to each of these rulings and this appeal is prosecuted by it from the judgment manifesting them.

As appellee's demurrer assailed the jurisdiction of the court as well as the sufficiency of the petition, and the petition states a cause of action under the provisions of the statute, *supra,* we assume that it was sustained by the court solely on the ground of a want of jurisdiction and such is the view expressed in the brief of the Assistant Attorney General. We think it clear that the circuit court of Trimble county had jurisdiction. While the deleterious substances which polluted the running stream are alleged to have been thrown by appellee into the stream at a point in Henry county, it is alleged that the same stream runs into and through Trimble county and that the pollution of its waters caused by the deleterious substances, extended into and existed in Trimble county, rendering the water unfit for use and causing the death of great quantities of fish therein.

In 29 Cyc., p. 1281, it is said:

"The jurisdiction of courts in prosecutions or penal actions for public nuisances is governed by the statute and judicial system of the state where the prosecution is brought. The prosecution may be in the county in which the nuisance is committed, or the inhabitants of which are aggrieved or injured thereby."

In Indian Refining Company v. Commonwealth, 117 S. W. 274, the indictment was for maintaining a public nuisance in Franklin county, but charged therein that the refuse which polluted Elkhorn Creek was emptied therein in Scott county where the Indian Refining Company (an oil refinery) was situated. A demurrer to the indictment was overruled by the circuit court and on the trial in that court a fine inflicted on the defendant of $10,000.00. On appeal to this court, the judgment was affirmed.

If the acts of appellee in placing the deleterious substances in the stream in Henry county and suffering them

to flow therefrom into Trimble county and pollute the stream in that county, as well as in Henry county, should be regarded as constituting but a single offense, it would nevertheless follow that the Trimble circuit court had jurisdiction, by the bringing of the penal action in that county instead of in the county of Henry, for section 21 of the Criminal Code provides:

"If the offense be committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the jurisdiction is in either county."

And it is provided by section 24, Criminal Code, that:

"If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless the indictment for the offense be pending in another court."

So whether the offense here charged be regarded as having been committed partly in Henry and partly in Trimble county, or wholly in the latter county, it seems clear that the Trimble circuit court had jurisdiction. Commonwealth v. Jones (Judge), 118 Ky. 889. It was not attempted in this case, as in that of the Commonwealth of Kentucky v. Louisville & Nashville Railroad Company, No. 471, in which appellee was proceeded against by indictment, to show the pendency of another prosecution against it for the same or a like offense in Henry county. The pendency of the previous prosecution relied on in that case was alleged to be a penal action instituted in Henry county some time prior to the finding of the indictment. The indictment was returned in April, 1916, whereas the present penal action, No. 512, was instituted in October, 1916. Therefore, no presumption can be indulged that the offense for which a recovery is sought therein is, as claimed by appellee's counsel, the same for which the indictment was returned or the previous penal action brought. On the contrary, it appears to be, and obviously is, for a subsequent offense resulting from the continuance of the nuisance after the institution of the previous prosecutions.

It is our conclusion that the circuit court erred in sustaining the demurrer to the petition and in dismissing the action. Wherefore, the judgment is reversed and cause remanded with direction to that court to overrule the demurrer and for further proceedings consistent with the opinion.