15202

BALDWIN v. BOARD OF COMMISSIONERS OF POLICE INSURANCE AND ANNUITY FUND OF S. C.

(12 S. E. (2d), 846)

The order of Judge Sharkey, directed to be reported, follows:

The defendant is a branch of the government of this State, having been created by an Act entitled "An Act to Create a Board of Police Commissioners to Provide Revenue or a Source of Revenue for the Purpose of Paying Insurance and Annuity Benefits to the Peace Officers of the State of South Carolina," approved April 17, 1937, 40 St. at Large, page 295.

At the time of the creation of the defendant board, plaintiff was the duly qualified magistrate of the Lake City District of Florence County. He had served as Magistrate of that district from February, 1910, to February, 1927, and from March, 1933, to March, 1939. During the six-year interim from February, 1927, to March, 1933, he served as a deputy sheriff for Florence County. Plaintiff at the time of the creation of the defendant board became a member of the Peace Officers' Association established by the terms of the said Act and thereafter paid dues of $12.00 per annum to October 31, 1939.

On September 28, 1938, plaintiff applied to defendant for retirement, claiming certain total and permanent disability benefits under the provisions of the Act. According

to the allegations of his complaint, defendant is due plaintiff certain specified sums, for which demand has been made and payment refused by the defendant.

The foregoing statement is a reproduction in substance of the facts set forth in the complaint and is not to be taken as any finding of the Court as to any issue or question of fact.

The matter is before me at this time on the motion of the defendant to change the venue from Florence County to Richland County, the grounds of the motion being:

1. That the defendant is not a resident of Florence County and has no office or agents in said county, but is, as shown in plaintiff's complaint, a branch of the State government and, therefore, has its official residence in the City of Columbia, Richland County, State aforesaid, where it maintains its offices and agents, and the alleged cause of action is properly triable in Richland County.

2. That for the convenience of witnesses and the promotion of the ends of justice, the cause should be transferred to Richland County where the defendant has offices and agents and maintains its official residence.

3. That the alleged cause of action arose in Richland County, and not in Florence County, and therefore, should be tried in Richland County, where the defendant has offices and maintains its official residence.

The first of these grounds need not be seriously considered inasmuch as the statute (Section 422) fixing the venue in the county in which the defendant resides is not applicable; this being an action against a public officer or board, the venue thereof must be determined by the provisions of Section 421 of the 1932 Code.

As to the second ground of the motion, I have upon giving full consideration to the evidence before me and upon due reflection concluded that neither the convenience of witnesses nor the ends of justice would be promoted by changing the venue to Richland County.

It is the third ground which requires more serious consideration. The pertinent portion of Section 421 of the Code, referred to .above, is as follows: "Actions * * * against a public officer * * * must be tried in the county where the cause, *or some part thereof,* arose." (Italics added.) For convenience and clarity the wording of the statute as just quoted has been slightly transposed.

The sole question then is: Did plaintiff's cause of action or any part thereof arise in Florence County? A "cause of action," as defined by practically all the authorities, consists of a primary right of plaintiff, a corresponding duty of defendant, and a wrong by defendant in breach of such right and duty. See 1 C. J. S., Actions, § 8, page 984.

Considering the question from the standpoint of the primary right of plaintiff, it will be seen that the right is based upon his official status as a peace officer in Florence County and the performance by him in Florence County of his official duties as such peace officer. That official status, acquired and exercised by him in this county constitutes his "primary right" to the benefits which would legally accrue to him as a member of the Police Insurance and Annuity Fund. To that extent certainly his cause of action arose in Florence County.

While it is no doubt true that the place of residence of a plaintiff would in itself ordinarily be no part of his cause of action, it is also true that in a case of this nature the place of his official status as a peace officer would of necessity be the place where the primary right under which he claims was created. Applying this reasoning to the instant case, it follows that a part, at least, of plaintiff's cause of action arose in Florence County. To hold otherwise would result in forcing every peace officer in South Carolina who is a member of this fund, and who might be faced with the necessity of bringing suit against the defendant board, to bring his action in Richland County. This seems to me to

be an example of the very thing the statute was designed to prevent.

The defendant's motion should be overruled, and it is so ordered.

*Messrs. John W. Crews* and *Heyward Brockinton,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

January 14, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

We think the order of Judge Sharkey properly disposes of the issues made by the appeal in this case. Let it be reported.

If the rule contended for by appellant were sustained, it might serve in some cases to defeat the beneficent purposes of the Act of the General Assembly which provides for the paying of insurance and annuity benefits to police officers of the State who have served certain numbers of years. Act No. 204 of the Acts of 1937. If any such peace officers as are entitled to benefits under the Act should be unable to travel to Columbia, because of the infirmities of age or disease, in order to try a case brought under the Act, they would be deprived of the benefits provided thereunder. The

Act does not provide that the Commission appointed under it should have its offices in Columbia, nor does it provide that actions thereunder must be tried in Richland County if the cause of action arise elsewhere, in the county where the petitioner resides; as is the case in this instance.

Judgment affirmed.

MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE STUKES did not participate in the consideration or decision of this case.