Joseph M. FISCHER, Appellant,

v.

STATE BOARD OF ELECTIONS; Bob Babbage, Secretary of State; Leonard L. Kopowski, Judge, Campbell Circuit Court; Campbell County Board of Elections; Jack Snodgrass, Campbell County Clerk, Appellees.

No. 92–SC–354–MR.

Supreme Court of Kentucky.

Feb. 18, 1993.

Joseph M. Fischer, pro se.

Chris Gorman, Atty. Gen., Ross T. Carter, V. Lynne Schroering, Asst. Attys. Gen., Civ. Div., Frankfort, Paul H. Twehues, Jr., Newport, for appellees.

SPAIN, Justice.

Joseph Fischer, *pro se*, appeals from an order of the Court of Appeals which granted the appellees State Board of Elections and Secretary of State a writ of prohibition. The writ prohibited Judge Kopowski

of the Campbell Circuit Court from adjudicating a lawsuit filed by Fischer, and further ordered the trial court to dismiss the case.

On December 30, 1991, Fischer, a resident of Campbell County, filed a *pro se* declaratory judgment action and motion for injunctive relief in the Campbell Circuit Court. Fischer alleged in his complaint that the 1991 Reapportionment Act, enacted by the 1991 Kentucky General Assembly in its Second Extraordinary Session, violated the legislative district apportionment clause, Section 33 of the Kentucky Constitution. The suit challenges the legislative redistricting of the three most northern counties of Kentucky, to-wit, Campbell, Boone, and Kenton. For his remedy, Fischer sought to enjoin permanently the enforcement of the new apportionment plan, and to either enforce the provisions of the old redistricting statute, or to utilize the alternate plans introduced, but never adopted, in the Session.

Fischer named as defendants, Bob Babbage, Secretary of State, and the State Board of Elections (collectively "state defendants"), in addition to the local defendants, Campbell County Board of Elections and the Campbell County Clerk. Notice of this action was given to the Kentucky Attorney General on January 24, 1992.

The state defendants filed a motion to dismiss on January 22, 1992, on the grounds that they were improperly joined as defendants and that Campbell County was an improper venue for this action. The local defendants moved to dismiss, alleging that they were not the real parties in interest. The trial court initially dismissed the action on February 7, 1992, stating that the applicable venue statute, KRS 452.405(2), requires Fischer to bring his constitutional challenge of the Reapportionment Act in Franklin County.

However, on March 6, 1992, the trial court vacated its previous order dismissing the suit. The trial court found:

Mr. Fischer's argument that the creation of an unconstitutional law is not actionable has merit. It is only when the law creates a harm to an individual plaintiff that a cause of action arises. Harm to a plaintiff's constitutional rights does not occur in Frankfort or where the Governor signs the bill, but the harm occurs in the county where the plaintiff tries to exercise those constitutional rights. The only exception would be specific venue statutes specifically requiring suit in Franklin County, as is presently the case in specific types of actions. Notwithstanding a specific venue statute creating venue in the Franklin Circuit Court, there are potentially 120 proper venues for claims challenging the effect and enforcement of any unconstitutional law.

The trial court further stated that:

Where injury results in one county from acts or omissions occurring in another, it has been held that the cause of action may be considered to have arisen, in part at least, in the county in which the injury or damage actually accrues, so as to permit the maintenance of the action therein.

\* \* \* \* \* \*

... this Court finds that a citizen as Mr. Fischer may seek redress against the effect or enforcement of any unconstitutional enactment of the legislature in any county where the injury to his constitutional right occurs, except where there is a specific venue statute to the contrary directing the litigants to the Franklin Circuit Court.

The trial court also reinstated the state defendants in Fischer's action, although recognizing them as nominal, by reasoning that they do have certain ministerial duties in connection with the electoral process and because the suit would not be directly litigated by them but would be defended by the Kentucky Attorney General.

On March 12, 1992, the trial court ordered the trial to be held on April 1, 1992. The state defendants objected to this early trial date since they had not had an opportunity to conduct discovery, having been previously dismissed from the suit. The state defendants then filed a motion for intermediate relief and a petition for a writ of prohibition with the Court of Appeals.

The Court of Appeals granted both requests, holding that Campbell County was not the proper venue for this action and that the state defendants sued were only nominal parties and "are not real parties in interest to the action below since they have no duties other than ministerial to perform with respect to the challenged legislation."

Fischer now appeals as a matter of right from the three-judge panel's decision granting the state defendants' petition for writ of prohibition and directing the trial judge to dismiss the suit. We disagree with the Court of Appeals and reverse.

■■■ The common law writ of prohibition is an extraordinary remedy which should be issued only when the trial court is proceeding or about to proceed outside its jurisdiction and there is no adequate remedy by appeal, or when the lower court is about to act incorrectly, although within its jurisdiction. In both cases, there must exist no adequate remedy by appeal or otherwise, and it must be proven that great injustice and irreparable injury would result to the petitioner if the writ is not entered. *Shumaker v. Paxton*, Ky., 613 S.W.2d 130, 131 (1981).

The parties do not dispute the fact that a circuit court of this Commonwealth has subject-matter jurisdiction to hear constitutional attacks brought by its citizens against statutes enacted by the General Assembly. KY. CONST. section 111; KRS 23A.010(1). Since we can logically infer that the Campbell Circuit Court was not acting erroneously *outside* its jurisdiction, our focus then must turn to whether the trial court was acting erroneously *within* its jurisdiction when it finally held that it had venue to hear Fischer's declaratory judgment action. The Court of Appeals in its decision did not state how the trial court, by claiming concurrent jurisdiction with the Franklin Circuit Court, was acting erroneously within its jurisdiction. The order further fails to state how these state defendants would be "irreparably injured" by having to defend the action, nor why they would not have an adequate remedy on appeal.

We acknowledge that the larger question in this prohibition action is whether the proper venue when challenging any statute on state constitutional grounds lies exclusively within the confines of Franklin County, where the General Assembly meets and enacts legislation, and where the Governor signs the legislation into law, or in any of the other 119 counties where an individual may be harmed or affected by legislation.

Our general venue statute, KRS 452.405 at subsection 2, states in part that:

*"Actions must be brought in the county where the cause of action, or some part thereof, arose*

\* \* \* \* \* \*

*[a]gainst a public officer for an act done by him* in virtue or under color of his office, or for a neglect of official duty." (Emphasis added.)

A number of courts have construed similar statutes fixing venue in the locality in which the cause of action, or a part thereof, arose. *See* 53 ALR4th Venue–Action "Arising" 1104 *et seq.* Within the meaning of statutes of this kind, a cause of action generally arises at the place where the act creating the right to bring an action occurred. *Atlantic C.L.R. Co. v. Powell*, 127 Ga. 805, 56 S.E. 1006 (1907); *State ex rel. Summers v. Lake Tavern, Inc.*, 73 Idaho 377, 252 P.2d 831 (1953).

In regard to actions against public officials, state courts have taken divergent views in their interpretation of similar or identical venue statutes. Some courts have held that the cause of action arises where the decision at issue is made and filed. *Bergin v. Temple*, 111 Mont. 539, 111 P.2d 286 (1941); *See* 63A Am.Jur.2d *Public Officers and Employees* § 612 (1984). Other courts have held that the cause of action arises where the effect of the official decision is felt. *Regents of University of California v. Superior Court of Los Angeles County*, 3 Cal.3d 529, 91 Cal.Rptr. 57, 476 P.2d 457 (1970); *Baldwin v. Board of Commissioners of Police Ins. and Annuity Fund*, 196 S.C. 112, 12 S.E.2d 846 (1941). Where injury results in one county from acts or omissions occurring in another, some courts have held that the cause of

action may be considered as having arisen, in part at least, in the county in which the injury or damage actually accrues, so as to permit the maintenance of the action therein. *Loup River Public Power Dist. v. Middle Loup Power and Irr. Dist.*, 142 Neb. 156, 5 N.W.2d 249 (1942); See 63A Am. Jur.2d *supra.*

 We believe that the logical construction of the venue statute is to allow a party to challenge the constitutionality of a statute in the venue in which he has alleged to have been injured. We entertain no serious doubt that all or part of Fischer's action vested in Campbell County. The county in which the alleged injury occurs controls the issue of venue, rather than the county where the redistricting statute was adopted. "It is where the shaft strikes, not where it is drawn, that counts." *Cecil v. Superior Court,* 59 Cal. App.2d 793, 799, 140 P.2d 125, (1943). Though the legislative enactment of the General Assembly occurred in Franklin County, the effect of the redistricting lines was felt in Campbell County, where Fischer is a resident and taxpayer. Accordingly, he should be allowed to bring forth his challenge within the venue of the Campbell Circuit Court.

 Unlike various other venue-fixing statutes, KRS 452.405(2) is nonspecific as to where challenges to public officials must be brought. It does not specifically state that all claims challenging the constitutionality of a statute; viz, the 1991 Reapportionment Statute, must be brought in Franklin Circuit Court. Presumably, all statutes are enacted by the Kentucky General Assembly and signed into law by the Governor of Kentucky in Franklin County, the seat of state government. But the injury to a potential plaintiff may arise, as the learned trial judge opined, in all 120 counties in this state. Thus, the cause of action does not ripen or vest until a plaintiff has been harmed. A law may be enacted by the General Assembly but may not affect or "injure" any person. Appreciable harm arises only when the statute directly affects the individual by denying him a right or imposing upon him an obligation.

Mr. Fischer claims that he has been harmed by the 1991 Reapportionment Act. His constitutional challenge of the 1991 Act should obviously be brought where the cause of action arose; that is, where Mr. Fischer was harmed. This, of course, under KRS 452.405, is in Campbell County. In the absence of language in the statute specifically requiring Mr. Fischer to file his action in the Franklin Circuit Court, we find that the proper venue for this action is in Campbell County, as the trial court ultimately determined.

Our decision in this regard is supported by two earlier decisions of this Court discussed in the briefs and in the Order of the Court of Appeals, to wit: *Ragland v. Anderson,* 125 Ky. 141, 100 S.W. 865 (1907), and *Stiglitz v. Schardien,* 239 Ky. 799, 40 S.W.2d 315 (1931). Both of these decisions also arose out of attacks on legislative redistricting acts and, with only one exception, resulted from suits filed in circuit courts outside Franklin County.

In connection with the *Stiglitz* case, incidentally, it should be noted that it really is not authority for dismissing the state defendants herein. The appellant has pointed out that at the time the *Stiglitz* case was decided, both the Secretary of State and the State Board of Election Commissioners had no statutory authority over nor responsibilities for General Assembly members' nominations or elections, their duties being limited to statewide and federal elections. This situation changed, however, in 1974, since which time these two state officers have been involved along with county clerks and county boards of election in the election of legislators. KRS 118.165 and 118.425.

The Campbell Circuit Court was not acting erroneously within its jurisdiction when it entered its order which established its venue over the case. The parties will not be irreparably harmed by defending the suit in Campbell County, and there is an adequate remedy by way of appeal. In this respect, we believe that the Court of Appeals' decision to grant the appellees a writ of prohibition and an injunction is clearly erroneous. The writ of prohibition and in-

junction are dissolved and the case is remanded to the Campbell Circuit Court for further proceedings.

COMBS, LAMBERT, REYNOLDS and WINTERSHEIMER, JJ., join in this opinion.

LEIBSON, J., dissents by separate opinion in which STEPHENS, C.J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. With due regard for the effort made in the Majority Opinion to analyze and explain KRS 452.405(2), as a basis for affirming venue in this action, I must respectfully suggest that the approach is shortsighted, and that the Majority has failed to see the forest for the trees.

The Majority has analyzed venue as lying where the allegedly offending statute impacts the plaintiff, and concludes that this occurred in Campbell County because "the effect of the redistricting lines was felt in Campbell County, where Fischer is a resident and taxpayer."

But the primary or fundamental issue in this case, the gravamen of this action, is not the impact of the 1991 Reapportionment Act on this plaintiff, nor are the state officials named as defendants, the State Board of Elections and Secretary of State Bob Babbage, any more than nominal parties. The essence of this case is declarative relief, declaring the state statute unconstitutional and therefore, incidentally, unenforceable by the ministerial officials, state and county, named in the Complaint. The injury occurred when the statute was enacted. The ministerial officials have no interest in the statute beyond the performance of their official duties, as to which they have no discretion if the statute is constitutional. It is the enactment of the law that was the injury to this plaintiff, and that injury occurred, if at all, in Frankfort when the statute was enacted into law.

If the reapportionment is unconstitutional, the entire citizenry of the state, not just this good citizen of Campbell County, have been injured. It is fundamentally bad policy to subject the reapportionment statute to being litigated in 120 different counties, where local concerns may well be expected to preempt statewide concerns in a political matter of this nature, and unreasonable to construe the venue statutes enacted by the General Assembly as having so provided. KRS 452.405(2), which is cited as the authority for extending local venue in this case, states that it provides venue:

"(2) Against a public officer for an act done by him in virtue or under color of his office, or for a neglect of official duty[.]"

It should be obvious that the intent of this statute is to confer local venue against public officials who act wrongfully or unlawfully in carrying out their duties, not to extend local venue to test the constitutionality of legislation of statewide impact because, incidentally, some of the ministerial acts necessary in carrying out the statute will be carried out by local officials, or even because state officials will provide local services in carrying out the challenged legislation.

As stated in the Appellees' Brief:

"It would be an election nightmare if the Campbell Circuit Court ordered the county to utilize the old redistricting lines and elect a 69th House Representative for Campbell and Pendleton. At the same time, the other counties would elect a 69th House Representative from Campbell, Boone, and Kenton. Under this scenario, voters from all four counties would be unconstitutionally under-represented and over-represented."

The matter to be decided here is not just whether the redistricting statute is unconstitutional for Campbell County, but whether the reapportionment statute violated Section 33 by unconstitutionally dividing counties, a matter of statewide impact.

The Court of Appeals held, correctly, that "Franklin County is the proper venue in this case." This is because:

1) The nature of the injury alleged is an unconstitutional statute, and the injury occurred when the statute was enacted; and

2) If there was an injury, the real party defendant is the state government which legislated the redistricting, sitting in

Frankfort, and not the ministerial officials designated as parties defendant. These persons may be nominal defendants, but designating these parties, local or state, does not change the appropriate venue for this action.

The Majority Opinion states:

"We acknowledge that the larger question in this prohibition action is whether the proper venue when challenging any statute on state constitutional grounds lies exclusively within the confines of Franklin County, where the General Assembly meets and enacts legislation, and where the Governor signs the legislation into law, or in any of the other 119 counties where an individual may be harmed or affected by legislation."

To state the question is to answer it. Common sense suggests the only appropriate venue for a constitutional question of this nature is Franklin County, the seat of the government, and common sense suggests that this is how the General Assembly intended for us to construe the venue statute.

STEPHENS, C.J., joins this dissent.