Virgie MARTIN, Appellant,

v.

CORNETT–LEWIS COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 10, 1956.

---

V. R. Bentley, Pikeville, for appellant.

James Sampson, William A. Rice, Harlan, J. P. Hobson, Jr., Pikeville, for appellee.

WADDILL, Commissioner.

The question on this appeal is whether or not the Pike Circuit Court correctly dismissed an appeal from a final order of the Workmen's Compensation Board.

Following a hearing, the Workmen's Compensation Board dismissed the application of Mrs. Virgie Martin for compensation benefits allegedly due her from the Cornett-Lewis Coal Company. Within the time allowed by KRS 342.285(1) Mrs. Martin took an appeal from the Board's order to the Pike Circuit Court.

When that appeal was perfected, the Cornett-Lewis Coal Company moved for its dismissal on the ground that the Pike Circuit Court had neither jurisdiction nor venue to entertain the appeal. This motion was predicated upon the evidence heard before the Compensation Board which established that the alleged injury for which compensation benefits were sought by Mrs. Martin was sustained at the place of business of the Cornett-Lewis Coal Company in Harlan County. Under this showing the Pike Circuit Court determined that under KRS 342.-285(1) and KRS 452.460 the appeal from the Board's order was required to be prosecuted in Harlan Circuit Court.

On her appeal to this Court, Mrs. Martin contends that the Cornett-Lewis Coal Company waived its right to raise the question of improper venue by filing an answer in which affirmative relief was sought. The fallacy of this contention is apparent in the light of CR 12.02, which, in effect, provides that the defense of improper venue may, at the option of the pleader, be raised either by motion or by answer. CR 12.02 also permits several defenses to be raised and affirmative relief to be asserted by the answer. If we concede that the answer in this case sought affirmative relief, it would not preclude the defendant from relying on the defense of improper venue when it was timely made. See, Clay, CR 12.02; author's comments, 2 and 3.

Judgment affirmed.