**Hubert CARTER, Appellant,**

v.

**Codell Carter NETHERTON, Appellee.**

Court of Appeals of Kentucky.

May 17, 1957.

Rodes K. Myers, Bowling Green, for appellant.

N. G. Goad, James S. Secrest, Scottsville, for appellee.

MONTGOMERY, Judge.

May the court of original jurisdiction in a divorce action decline to modify support and child custody orders when the parents and child are domiciled in another state? The answer is yes.

Hubert Carter, appellant, and Codell Carter Netherton, appellee, were divorced in May 1952 by a decree of the Allen Circuit Court. Appellant was then and is still domiciled in Indiana. Appellee was then domiciled in Allen County, Kentucky.

Carolyn Sue Carter is the infant child of the parties. By an agreed order made in May 1954, her custody was awarded ten months during school time to the mother and two months in vacation time and week ends to the father.

Appellee, in 1955, sought to have the court fix a monthly allowance for the support of the child. Appellant countered by asking for the custody of the child. Proof was taken. While this proceeding was pending, appellee, taking Carolyn Sue with her, moved to Indiana in November 1955. She has remained domiciled there with her second husband.

In January 1956, appellant moved to submit the cause and asked the court to hold appellee in contempt for removal of the child from the jurisdiction of the court. The court found that the father, mother, and child were all residents of the state of Indiana and declined to exercise jurisdiction. It was further ordered that all previous orders with reference to custody and support of the child be set aside, any further action concerning custody of the child was to be referred to the appropriate Indiana court, and the clerk of the court was directed to transmit any or all of the record in this action to such Indiana court as might exercise jurisdiction over the matter.

Appellant contends that the Allen Circuit Court, having once accepted jurisdiction, should have retained jurisdiction to award custody of the child and could not thereafter decline to exercise jurisdiction in the matter. He relies on Roberts v. Roberts, 300 Ky. 454, 189 S.W.2d 691; and Kelien v. Kelien, Ky., 273 S.W.2d 360.

The Kelien case is cited as authority for the proposition that the Chancellor retains control of the case for the purpose of supervising custody of the child and may at any time modify his order to meet changing conditions. This rule was recently reaffirmed in Stewart v. Sandifur, Ky., 294 S.W.2d 923. The Kelien case is not applicable here because all the parties there remained domiciled in Kentucky throughout the litigation.

The Roberts case is distinguishable because the parties there were residents of Kentucky when the proceeding started but the mother sought to evade the jurisdiction of the Kentucky court by removing the child to Ohio. We held that such could not be done.

Appellee insists that the refusal of the Chancellor to proceed further was correct and in accordance with the principle of forum non conveniens, which has been said to be a rule of convenience and expediency rather than one of jurisdiction. Blaustein v. Pan American Petroleum & Transport Co., 174 Misc. 601, 21 N.Y.S.2d 651. The Chancellor's solution was practical. All parties are domiciled in the state of Indiana. The enforcement of the orders of a Kentucky court under such circumstances would be difficult. The welfare of the child could best be served by the courts of the state in which the child is domiciled.

■ The decision of the Chancellor is supported by the rule that a court, even though it has jurisdiction, will not entertain a case if it conceives itself to be a seriously inconvenient forum so long as an appropriate forum is available to the party seeking relief. Whether an action should be entertained or dismissed under this rule depends largely on the particular facts and on the discretion of the trial court. Two factors should be considered in determining whether the court should retain the case. They are: (1) that since it is for the parties seeking relief to choose the place of suit, the choice of a forum should not be disturbed except for weighty reasons; and (2) that the action will not be dismissed in any event unless an alternative forum is available to the party seeking relief. Tentative Draft No. 4, Restatement, Conflict of Laws, Section 117e, pages 66–7.

The rule is stated in 2 Nelson, Divorce and Annulment, Section 15.35, page 225, thus:

"Even though the court does have jurisdiction to modify its orders and decrees with respect to the custody of a minor child who has been removed to another state, it would seem that the exercise of that jurisdiction is discretionary rather than mandatory upon the court, and it may decline to exercise its jurisdiction after the child has acquired a domicile in another state. Thus, under a statute authorizing a court granting a divorce to award the custody of the minor children of the parties, and providing that 'orders so made may be revised and altered by the court from time to time as circumstances may require,' it has been held that, although the court granting a divorce has continuing jurisdiction with respect to the custody of the children of divorced parents, it may

decline to exercise that jurisdiction after the parents and children have removed from the state and become domiciled in another state, since the latter state is primarily concerned with the domestic relations of the parties, and, in the absence of special circumstances indicating that the domestic relations of the parties can be dealt with more effectively by the divorce court than by the courts of the state into which they have moved, practical considerations, as well as principles of propriety and comity, require that the divorce court keep hands off."

Such was the ruling in Hatch v. Hatch, 192 A. 241, 15 N.J.Misc. 461, on facts very similar to this case. See also 17 Am.Jur., Divorce and Separation, Section 688, page 523.

■ We have recognized that the right to the custody of a child is governed by the law of the state of the child's domicile. Rodney v. Adams, Ky., 268 S.W.2d 940, and the cases collected therein. See also McMillin v. McMillin, 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 396; Application of Enke, Mont., 287 P.2d 19. In view of the domicile of Carolyn Sue Carter in Indiana, the Chancellor's ruling in declining to make any further order concerning her custody was not an abuse of discretion.

■ The part of the order setting aside all previous orders with reference to custody and support is erroneous. Such an order may be revised with prospective effect, but the revision will not be permitted to operate retroactively. KRS 403.070; Middleton v. Middleton, 235 Ky. 395, 31 S. W.2d 615; Hatch v. Hatch, 192 A. 241, 15 N.J.Misc. 461.

The judgment is affirmed insofar as the Chancellor declined to act and reversed as to the part of the order setting aside all previous orders.