CITY OF LEXINGTON, Kentucky, a
Municipal Corporation, Petitioner,

v.

Henry Clay COX, Judge of the Jessamine
Circuit Court, Respondent.

Court of Appeals of Kentucky.

May 26, 1972.

Modification Denied June 9, 1972.

George F. Rabe, Corp. Counsel, Lexington, for petitioner.

**646**

### DENYING PROHIBITION

VANCE, Commissioner.

The grand jury of Jessamine County returned an indictment against the city of Lexington, Kentucky, its Mayor and members of the City Commission charging them in separate counts with maintaining a common-law nuisance in Jessamine County and with the pollution of Hickman Creek in Jessamine County in violation of KRS 150.460(1). The indictment was dismissed as to the mayor and city commissioners. The city of Lexington now seeks an order of prohibition from this court to enjoin the respondent from further proceedings upon the indictment.

■■■■ The original jurisdiction granted to this court by Section 110 of the Constitution to issue such writs as necessary for general control of inferior jurisdictions is not exercised lightly and orders of prohibition or mandamus will not ordinarily be granted unless it appears (1) that the inferior court is threatening to proceed or is proceeding in a matter in which it has no jurisdiction and there is no remedy through an application to an intermediate court, or (2) that it is proceeding erroneously within its jurisdiction and that irreparable injury will result to the petitioner for which he has no adequate remedy at law. Pace v. Wolfinbarger, Ky., 420 S.W.2d 561 (1967).

■■■■ The first inquiry therefore is whether the Jessamine Circuit Court has jurisdiction of the offense of polluting a stream in Fayette County, Kentucky, when the stream carries the pollution into Jessamine County and causes a public nuisance there.

In Indian Refining Co. v. Commonwealth, Ky., 117 S.W. 274 (1909), this court upheld an indictment returned in Franklin County which charged the defendant with maintaining a common nuisance in Franklin County by emptying pollutants into Elkhorn Creek in Scott County, Kentucky, which thence flowed into Franklin County.

In Commonwealth v. Louisville & Nashville Railroad Co., 175 Ky. 267, 194 S.W. 345 (1917), the specific question at issue here was decided and this court held that the defendant railroad could be prosecuted in the Trimble Circuit Court for polluting a stream in Henry County which then flowed into Trimble County carrying the pollution with it. We held that the prosecution for maintaining a public nuisance may be brought in the county in which the nuisance was committed or the one in which the inhabitants are aggrieved.

That the county where the results of the pollution of a stream are manifested has jurisdiction despite the fact that the acts of pollution occur in another county is supported by the majority of courts which have considered the question. State v. International Paper Co., 201 La. 870, 10 So. 2d 685 (1943); State v. Wabash Paper Co., 21 Ind.App. 167, 48 N.E. 653 (1897); State v. Glucose Sugar Refining, 117 Iowa 524, 91 N.W. 794 (1902); American Strawboard Co. v. State, 70 Ohio St. 140, 71 N.E. 284 (1904).

■■■■ Petitioner also argues that the Kentucky Water Pollution Control Commission has exclusive jurisdiction over cases involving water pollution. It was held in Ohio River Sand Co. v. Commonwealth, Ky., 467 S.W.2d 347 (1971), that KRS, Chapter 224, does not abrogate the common-law offense of maintenance of a public nuisance. KRS 224.100 specifically provides that existing statutes on water pollution are not repealed by Chapter 224 and are to be construed as supplementary to Chapter 224. We hold therefore that the Jessamine Circuit Court is not deprived of jurisdiction in the matter by reason of the enactment of Chapter 224 of the Kentucky Revised Statutes.

■■■■ Petitioner further contends that the Jessamine Circuit Court does not have jurisdiction of the prosecution because ac-

tions against a city must be brought in the county in which the city is located. 56 Am.Jur.2d, Section 855. The authority cited relates to the localized nature of actions against cities but whether the action is localized raises the question of venue rather than jurisdiction. We consider the remedy by appeal to be an adequate remedy if any error is committed as to venue.

■ The petitioner also asserts that the indictment places it in jeopardy of twice being convicted since it has already been fined by the Kentucky Water Pollution Control Commission; that KRS 150.460 is unconstitutional; and that the enforcement of this statute is discriminatory. These matters relate only to whether the court is proceeding erroneously within its jurisdiction and prohibition will not issue because it is not shown that petitioner will suffer irreparable injury or that its remedy at law by way of appeal is inadequate.

The petition for an order of prohibition is denied.

All concur.