Robert A. ROOS, Appellant,

v.

KENTUCKY EDUCATION ASSOCIA-
TION, a Kentucky Corporation, Doris
Wilson, Wayne Harvey, Billye Jean
McDade, Anna Ruth Hille, Lyndle
Barnes and Dexter Meyer, d/b/a Ken-
tucky Educators Public Affairs Council,
John Ryan and Terry Herndon, d/b/a
National Education Association Political
Action Committee, Appellees.

Court of Appeals of Kentucky.

April 13, 1979.

Ronald L. Gaffney, Donald F. Mintmire,
Barnett & Alagia, Louisville, for appellant.

John Frith Stewart, Kenneth L. Sales,
Dennis Franklin Janes, Segal, Isenberg,
Sales, Stewart & Nutt, Louisville, for appel-
lees.

Before COOPER, GANT and WINTER-
SHEIMER, JJ.

COOPER, Judge.

This is an appeal from a judgment dis-
missing the action below based on the judi-
cial finding that the United States District
Court for the Western District of Kentucky
was a more convenient forum for resolution
of the issues raised in this case.

The decision of the circuit court was
based on the doctrine of forum non conven-
iens. That doctrine recognizes that there
are certain instances in which a court prop-
erly vested with jurisdiction and venue
may, nonetheless, dismiss an action if it
determines that it is more convenient for
the litigants and witnesses that the action
be tried in a different forum. The conve-
nience vel non of a given forum is not

determined by a fixed set of rules, but is arrived at by a consideration of various factors on a case by case basis.

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Court noted that:

> (i)mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises if view would be appropriate to the action; and all other practical problems that make trial of case easy, expeditious, and inexpensive. *Id.* at page 508, 67 S.Ct. at page 843.

■ It is not pointed out in the briefs, and we fail to see, how any of the foregoing considerations or others of a similar kind could apply in anything but a substantially indifferent manner to a Kentucky circuit court and a United States district court located a few blocks from each other in the same city. Absent some particular demonstration of fact—not apparent here—we see no reason why a competent practitioner would find it less "convenient" to practice his client's case in a state court rather than a federal court in the same city—or vice versa. Any minor differences in cost and procedure would certainly not constitute sufficient basis to deprive an otherwise competent state court of its subject matter jurisdiction. We locate in this record nothing creating the strong balance in favor of defendant which is required to deprive plaintiff of his choice of forum. *See Gulf Oil, supra,* at page 508, 67 S.Ct. 839.

■ We conclude the circuit judge misconstrued and misapplied the *doctrine of* forum non conveniens to the facts of this case. In doing so, we hold he abused his discretion and committed reversible error.

Our decision here should not be interpreted as being contrary to principles of judicial economy. We do not favor unnecessary, duplicative or vexatious litigation. However, there are legal methods extant for dealing fairly and economically with a situation in which the same, or almost identical, parties and issues are before both a state and a federal court and concurrent jurisdiction exists. They may still be used in this case if determined to be applicable.

■ Our holding here is narrow and merely represents our view that under the facts and circumstances presented here the refusal to accept jurisdiction to decide the case based on the application of the doctrine of forum non conveniens was improper. It reaffirms the principle that absent compelling or unusual circumstances, a court is duty bound to hear cases within its vested jurisdiction. *See* 20 Am.Jur.2d, *Courts,* Section 93 and citations therein.

The judgment appealed from is reversed and this case is remanded for further proceedings consistent with this opinion.

All concur.