Ervin David WILLIAMS, Jr., Appellant,

v.

Donna Marie Harrington WILLIAMS, Appellee.

Court of Appeals of Kentucky.

Jan. 30, 1981.

George C. Howell, Adkins, Hall, Howell & Duggan, P.S.C., Ashland, for appellant.

Philip E. Fay, Northeast Kentucky Legal Services, Ashland, Mark Larsen, Lenanon, N. H., for appellee.

Before COOPER, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Ervin Williams appeals from an order of the Boyd Circuit Court dismissing his petition for modification of a custody decree. He argues that the findings and conclusions are clearly erroneous and contrary to the law of this jurisdiction, and that the dismissal constitutes an abuse of discretion.

The parties were divorced by a decree of the Boyd Circuit Court on April 27, 1978. Donna Marie was awarded custody of the parties' two infant children, and was granted the right to determine their place of residence. On September 5, 1979, she left her home in Ashland, Kentucky and moved to her mother's home in Claremont, New Hampshire. Ervin filed his motion and affidavit seeking a change of custody on September 13, 1979.

Ex parte hearings were held before a master commissioner on October 31, 1979, and on November 16, the Boyd Circuit Court confirmed the report of the commissioner and ordered that the custody of the parties' children be given to Ervin. On November 19, 1979, Donna Marie filed a petition in the Boyd Circuit Court praying for a transcript of the proceedings held on October 31 and alleging that she had been unable to be present or represented at the hearing and that she had been denied due

process of law. She further prayed that the action be dismissed by the court under the doctrine of forum non conveniens. The action was dismissed on May 13, 1980, primarily on the ground that the court lacked jurisdiction of the subject matter, but also by determining that the New Hampshire court was the convenient forum.

▆ Our review of the facts and law leads us to conclude that the Boyd Circuit Court did have jurisdiction of the controversy. KRS 403.260(1). The facts clearly support the conclusion, however, that a Kentucky court was a forum non conveniens. Although the court had jurisdiction of the case, it not only had a right, but also a duty to consider the doctrine and to decline jurisdiction, if appropriate. The New Hampshire court certainly provides a proper alternate forum, and the declination is based on several good reasons. Among them are such facts as, the children are no longer present in this State; New Hampshire had assumed jurisdiction of the matter; one child has completed a year of school in New Hampshire, and evidence concerning the children's present and future care and best interest can best be obtained in New Hampshire. The Boyd Circuit Court also properly determined that its prior ruling in this matter should be voided, as Mrs. Williams had not been afforded due process of law.

▆ The doctrine of forum non conveniens vests in a court, before which an action is brought, the discretion to refuse to accept jurisdiction, and such a determination will not be reversed by an appellate court, except where such determination is found to be an abuse in the exercise of that discretion. 20 Am.Jur.2d *Courts* § 175, at 514. *See also, Carter v. Netherton*, Ky., 302 S.W.2d 382 (1957). We find no abuse.

The order of the trial court dismissing the action is affirmed.

All concur.