COMMONWEALTH of Kentucky, Appellant,

v.

Robert R. EVANS, M.D., Appellee.

COMMONWEALTH of Kentucky, Appellant,

v.

Raymond SCHULTZ, Jr., Appellee.

COMMONWEALTH of Kentucky, Appellant,

v.

Leo J. THOMAS, D.M.D., Appellee.

Court of Appeals of Kentucky.

March 5, 1982.

Steven L. Beshear, Atty. Gen., Raymond M. Larson, Richard E. Plymale, Asst. Attys. Gen., Frankfort, for appellant.

Joseph J. Leary, Frankfort, Alan B. Peck, White, Peck & Carrington, Mount Sterling, R. Cletus Maricle, Manchester, for appellees.

Before HAYES, C.J., and REYNOLDS and WILHOIT, JJ.

HAYES, Chief Judge:

In each of these cases, the Commonwealth appeals from an order of the Franklin Circuit Court transferring venue from that court to the county of residence of each appellee. The appellees, members of the medical profession, were indicted by the Franklin County Grand Jury. Appellee Schultz was indicted on six (6) counts of theft by deception, KRS 514.040. Appellee Thomas was indicted for theft by deception, KRS 514.040; scheming to obtain medical assistance program benefits by means of false or fraudulent representation, KRS 194.505(6); and presentation of fraudulent claims for benefits, KRS 205.850(4). Appellee Evans was indicted for violation of KRS 194.505(6) and KRS 205.850(4).

Each appellee made a motion for change of venue. The Franklin Circuit Court in each case stated venue was properly in Franklin County and the county of residence of the appellee, KRS 452.550 and *Hodges v. Commonwealth*, Ky.App., 614 S.W.2d 702 (1981). However, applying the age old doctrine of *forum non conveniens*, the Franklin Circuit Court granted a "change" of venue in each case to the county wherein each appellee practices his medical profession.

Two issues are presented by these consolidated appeals. The Commonwealth contends that the doctrine of *forum non conveniens* only applies in civil cases, never in criminal proceedings. Therefore a change of venue based upon that theory is improper. Appellee Schultz raises the issue that the order appealed from is not a final order and therefore these appeals by the Commonwealth should be dismissed.

In each of these cases, venue is in either Franklin County or in the county wherein the appellee has his medical or dental practice. KRS 452.550 and *Hodges v. Commonwealth, supra*. Therefore it was proper for the Commonwealth to have sought and obtained the indictments in Franklin County.

■ Kentucky empowers the trial courts to grant changes in venue only if there is statutory authority for doing so. *Saylor v. Commonwealth*, 158 Ky. 768, 116 S.W. 254 (1914). KRS 452.210 grants the trial court authority to transfer the trial of a criminal proceeding to an adjacent county *only* if it appears the defendant or the Commonwealth cannot receive a fair trial in the county where the prosecution is pending. Notably lacking is any provision for a transfer for the "convenience" of either party or witnesses.

■ The trial courts abused their discretion in transferring these cases out of Franklin County because they lacked any statutory authority for such a transfer. Furthermore, venue in criminal prosecu-

tions in this Commonwealth has been construed not to be for the benefit of the defendant but to determine the jurisdiction in which the defendant will be tried. *Marcum v. Bradley,* Ky., 385 S.W.2d 165 (1964). As stated by that court at 166:

So long as the accused is not put in jeopardy by the proceedings in both counties, it cannot be the subject of complaint from him which of them takes the jurisdiction and proceeds with his trial *so long as only one does so.* (Emphasis in original).

The *Marcum* court was interpreting KRS 452.630, which statute also applies in the instant case. It reads:

Where the venue of a prosecution is in two (2) or more counties, the prosecution shall proceed in the county in which the process for arrest of the defendant is first issued, *unless an indictment for the offense is pending in another county.* (Emphasis added.)

This statute obviously gives the Commonwealth, whose duty and responsibility it is to bring alleged offenders to trial, the option of picking the county, where there is multi-county venue, in which to prosecute the offender. The defendant then has no legal right to complain, unless he can not obtain a fair trial in the county the prosecution has chosen for trial. Therefore, in the present cases, the requests made by the defendants-appellees were improper and the trial court had no authority to act except to deny same.

Section 115 of the Kentucky Constitution gives the Commonwealth the right to appeal, *except* from a judgment of acquittal. The appellee Schultz argues that Section 115 of the Constitution not withstanding, the Commonwealth has no right of appeal here because the order transferring the prosecution from Franklin County is interlocutory and therefore is not an appealable order. Usually, appeals are only from final orders or judgments. However, KRS 22A.020(4) gives the Commonwealth the authority to appeal from interlocutory orders under certain conditions. Those conditions, outlined in *Eaton v. Commonwealth,* Ky.,

562 S.W.2d 637 (1978) are that (a) the appeal will not stay the proceedings, and (b) the defendant's constitutional rights to a speedy trial and against double jeopardy are not violated.

■ The appellee Schultz argues that this court has previously declared KRS 22A.020(4) unconstitutional in *Commonwealth v. Schumacher,* Ky.App., 566 S.W.2d 762 (1978). Schultz has extended the holding in *Schumacher* beyond what it says and what was intended. In that case, this court determined that the requirement in KRS 22A.020(4)(b) which procedurally required the Commonwealth's Attorney to get the permission of the Attorney General before appealing a case was unconstitutional. The reason being, only the Supreme Court, under present law, has the authority to establish appellate procedure. We did not say nor did we intend to suggest that the Legislature could not give the Commonwealth the *right* to appeal under certain conditions. Clearly, the Legislature may and has. The Commonwealth did properly appeal here, even assuming the order entered by the trial courts to be interlocutory.

A suggestion might be made that the Commonwealth should have proceeded by writ of prohibition, since the trial courts were acting without legal authority, one of the necessities for the granting of such an extraordinary writ. However, one reason for the denial of such a writ is that there is an adequate remedy by appeal. If this appeal were not permitted, then the Commonwealth would be in a Catch 22 position.

The judgment in each case is reversed with directions to the trial court to enter orders denying the transfer of these cases from Franklin County.

REYNOLDS, J., concurs.

WILHOIT, J., concurs in part and dissents in part.

WILHOIT, Judge, concurring and dissenting.

I concur in the majority opinion to the extent that it holds that this matter is properly before us on appeal of an interloc-

utory order. KRS 22A.020(4); *Eaton v. Commonwealth,* Ky., 562 S.W. 637 (1978); *Commonwealth v. Cooper,* 295 Ky. 247, 173 S.W.2d 128 (1943). I believe, however, that a proceeding in the nature of prohibition would be a more satisfactory method of handling this kind of situation. The delay encountered by the procedural requirements of an appeal may cause an interlocutory appeal to run afoul of KRS 22A.020(4)(a) and result either in the question becoming moot or a certification of law that comes too late to affect the case from which it arose. However, inasmuch as an appeal will apparently lie here, prohibition would not be warranted.

I dissent from that part of the majority opinion which holds that the doctrine of forum non conveniens has no application to a criminal case. The doctrine has been accepted in this jurisdiction, *Carter v. Netherton,* Ky., 302 S.W.2d 382 (1957), although it evidently has never been applied to a criminal case. I believe the reason for its not having been applied to criminal cases stems from the fact that the circumstances surrounding a criminal prosecution would very rarely present a situation justifying application of the doctrine. I see no reason why the doctrine, although equitable in nature, should not be recognized in those rare criminal cases to which the principles of the doctrine would be applicable, unless, of course, some statute or rule proscribed its application. While it is true that no statute or court rule specifically requires the application of the doctrine to a criminal case, or for that matter to a civil case, neither does a statute or rule specifically preclude its application when the ends of justice would call the doctrine into play.

It should be noted that the principles embodied in the doctrine of forum non conveniens are specifically recognized by the Federal Rules of Criminal Procedure in Rule 21(b).