Jeffrey Eugene SKIDMORE, An Infant Who Sues By and Through his Mother and Next Friend, Mildred Jean SKIDMORE, Appellant,

v.

Honorable N. Mitchell MEADE, Judge of the Circuit Court of Fayette County, Kentucky and, Honorable Clarence Cornelius, Judge of the Circuit Court of Harlan County, Kentucky, Appellees.

Supreme Court of Kentucky.

Oct. 4, 1984.

Edward M. Post, H. Philip Grossman, Taustine, Post, Sotsky, Berman, Fineman & Kohn, Louisville, for appellant.

William O. Guethlein, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

VANCE, Justice.

This is an appeal as a matter of right from an order of the Court of Appeals denying mandamus. The appellant filed suit in Fayette County against Appalachian Regional Hospitals, Inc. for damages sustained by an infant at birth in a hospital in Harlan, Kentucky operated by appellee.

The alleged negligence occurred in Harlan. The witnesses are located in Harlan. The medical records are in Harlan, but the corporation has its headquarters and a process agent in Fayette and thus venue is properly in either Harlan or Fayette County. The Fayette Circuit Court applied the doctrine of forum non conveniens and transferred the case to Harlan.

**794**

The appellant filed mandamus to require Fayette Circuit Court to try the case, and the Court of Appeals denied mandamus on the ground that an adequate remedy by appeal exists.

The appellant argues that this is a change of venue and that it is not authorized by statute. The appellee argues that venue decisions are not reviewable by mandamus.

■■■ Forum non conveniens is a doctrine applicable only when venue also exists in some other forum. It involves a question of expediency and convenience, not jurisdiction. The granting of mandamus is discretionary, and ordinarily it is not available to question venue for the reason that the remedy by appeal is adequate if any error as to venue is committed. *City of Lexington v. Cox,* Ky., 481 S.W.2d 645 (1972).

■■■ The trial court found sufficient reason, and exercised its discretion, to apply the doctrine of forum non conveniens. If that determination was erroneous as a matter of law or as an abuse of discretion, the question may be reviewed on appeal from the final judgment entered. We concur with the Court of Appeals as to the adequacy of the remedy.

The Judgment is affirmed.

STEPHENS, C.J., and VANCE, GANT, AKER, WINTERSHEIMER, and STEPHENSON, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

This is an entirely unique application of the doctrine of forum non conveniens. There is no precedent for intrastate transfer of a damage suit from one county to another on grounds of forum non conveniens. A plaintiff is entitled to select and file in any county in this state where venue lies.

Mandamus or prohibition is an appropriate remedy to cause the case to be tried in Fayette County, rather than transferred to Harlan County, because the only way the movant will ever get heard on his right to trial in Fayette County is by application of this remedy. The problem is that no one will be able to decide after the fact whether the results would have been better for the complaining party had the case been tried in Fayette County, so the plaintiff will never be able to prove prejudice.

The next problem is that relief from this error by appeal would be completely impractical. The plaintiff is put to a lengthy and expensive trial in a county not of plaintiff's choice. This is damage not reparable by reverse and remand on appeal for a trial where the case should have been tried in the first place.

The majority decision is in direct conflict with *Evans v. Commonwealth,* Ky., 645 S.W.2d 346 (1982). *Evans* is a criminal case, but it is controlling. There is no civil case in Kentucky on the point.