Virginia BEAVEN, Eugenia Blandford, Jane C. Mattingly, and Mahala A. Smith, Appellants,

v.

William E. McANULTY, Jr., Judge, Jefferson Circuit Court, Appellee.

and

Maker's Mark Distillery, Inc., and T. William Samuels, Jr., Real Parties in Interest.

98–SC–140–MR.

Supreme Court of Kentucky.

Nov. 25, 1998.

As Modified on Denial of Rehearing Nov. 25, 1998.

Priscilla S. Diamond, Louisville, KY, for appellants.

William E. McAnulty, Jr., Judge, Louisville, KY, for appellee.

J. Michael Brown, Mitzi D. Wyrick, Wyatt, Tarrant & Combs, Louisville, KY, for real parties in interest.

JOHNSTONE, Justice.

At issue in this appeal is whether the Court of Appeals properly denied Appellants' writ of mandamus on grounds that Appellants had an adequate remedy on appeal. We conclude that because the trial court acted beyond its jurisdiction when it transferred the instant case on forum non conveniens grounds, the writ is an appropriate remedy. Therefore, we reverse the Court of Appeals and remand the case to the Court of Appeals to enter an order directing the trial court to reconsider Appellees' forum non conveniens motion in light of this opinion.

The plaintiffs in the underlying action, Virginia Beaven *et al.*, filed suit against Maker's Mark Distillery, Inc., and T. William Samuels, Jr., president of Maker's Mark, in Jefferson Circuit Court. No argument is made that Jefferson County is not a proper venue for this action.

The defendants moved to dismiss or transfer the case on the grounds of forum non conveniens. The defendants argued that the Marion Circuit Court was a more appropriate forum because the plaintiffs, the distillery, and the distillery's personnel records are all located in Marion County. The trial court granted the motion and transferred the case to Marion County under the authority of *Skidmore v. Meade*, Ky., 676 S.W.2d 793 (1984).

*Skidmore* concerned a medical negligence action brought in Fayette Circuit Court in which the injury took place in Harlan County, the witnesses and medical records were located in Harlan County, but the incorporated hospital had its headquarters in Fayette County. *Id.* Venue was proper in both circuits. *Id.* The Fayette Circuit Court transferred the case to Harlan County on grounds of forum non conveniens. *Id.*

The plaintiffs in *Skidmore* petitioned the Court of Appeals for a writ of mandamus to require the Fayette Circuit Court to hear the case. *Id.* at 794. The Court of Appeals denied the writ on the grounds that the petitioners had an adequate remedy on appeal. The *Skidmore* Court affirmed the Court of Appeals on the same ground, citing *City of Lexington v. Cox*, Ky., 481 S.W.2d 645 (1972), which holds that mandamus is ordinarily not available to the question of venue because the remedy by appeal is adequate if any error as to venue is committed. *Id.*

In the case at bar, both the trial court and the Court of Appeals properly applied the mandate of *Skidmore*. However, the *Skidmore* Court erred in determining that a writ of mandamus was not an appropriate remedy because there existed an adequate remedy by appeal.

The doctrine of forum non conveniens recognizes

that there are certain instances in which a court properly vested with jurisdiction and venue may, nonetheless, dismiss an action if it determines that it is more convenient for the litigants and witnesses that the action be tried in a different forum. The convenience vel non of a given forum is not determined by a fixed set of rules, but is

arrived at by a consideration of various factors on a case by case basis.

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Court noted that:

> (i)mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises if view would be appropriate to the action; and all other practical problems that make trial of case easy, expeditious, and inexpensive. Id. at page 508, 67 S.Ct. at page 843.

*Roos v. Kentucky Education Association,* Ky.App., 580 S.W.2d 508–509 (1979).

The trial court had no statutory authority to transfer the case to Marion County. *See* KRS 452.010(2). Thus, for the transfer to be valid, the authority had to come from the common law doctrine of forum non conveniens. However, there is little authority to support the position that forum non conveniens includes the power to transfer a case and much authority to the contrary. Apparently, only two jurisdictions, Illinois and Oklahoma, recognize a common law right of intrastate forum non conveniens which includes the power to transfer a case to a court in a different venue.

Illinois adopted the doctrine of intrastate forum non conveniens, which includes the power to transfer, in *Torres v. Walsh,* 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601 (Ill.1983). The *Walsh* Court relied on the case of *Holmes v. Wainwright,* 3 East 329, 102 Eng.Rep. 624 (K.B.1803), to find that the doctrine exists at common law. *Holmes* approved of the transfer of a case from one county to another county where "all the convenience and justice of the case preponderates in favour of the application [of transfer]." *Torres,* 74 Ill.Dec. 880, 456 N.E.2d at 606. The *Torres* Court noted that Illinois had expressly adopted the common law of England as it existed "prior to the fourth year of James the First" and held that the doctrine of intrastate forum non conveniens was part of the common law of Illinois. *Id.* 456 N.E.2d at 605.

Oklahoma adopted the doctrine of intrastate forum non conveniens, which includes the power to transfer the case, in *Gulf Oil Company v. Woodson,* 505 P.2d 484 (Okla. 1972). The *Woodson* Court also relied on *Holmes* as well as an unpublished Oklahoma decision. *Id.* at 488.

■ Kentucky has adopted "[a]ll laws which, on the first day of June, one thousand seven hundred and ninety-two, were in force in the State of Virginia...." Ky. Const. § 233. Thus, any common law principles expressed in 1803 in *Holmes* were not part of the common law adopted from Virginia in 1792. Of course, this does not mean that the doctrine of forum non conveniens is not a part of Kentucky common law. However, the roots of the doctrine in Kentucky do not support the transfer of a case as part of an intrastate application of forum non conveniens.

In *Knight v. Pennsylvania Railroad,* Ky., 280 Ky. 191, 132 S.W.2d 950 (1939), the trial court ruled that it did not have jurisdiction over the case at bar. On appeal, the appellee argued that "all its business in Kentucky [was] interstate, and to defend the suit would cause great inconvenience and relatively large expense." *Id.* 132 S.W.2d at 955. The *Knight* Court rejected this argument, stating, "the matter of convenience or inconvenience of the parties or witnesses is not determinative." *Id.* While *Knight* does not expressly reject the doctrine of forum non conveniens, it does cast a long shadow on the viability of the doctrine in the Commonwealth in 1939. However, the doctrine was approved of in *Carter v. Netherton,* Ky., 302 S.W.2d 382 (1957), which apparently is the earliest Kentucky case in which the doctrine is expressly mentioned or discussed.

The issue in *Carter* was, "*May* the court of original jurisdiction ... *decline to modify* support and child custody orders when the parents and child are domiciled in another state?" *Id.* at 383 (emphasis added). The trial court declined to hear the case on forum non conveniens grounds. *Id.* In affirming the trial court, the *Carter* Court relied on the *Restatement, Conflict of Laws* and cases from New York, *Blaustein v. Pan American*

*Petroleum & Transport Company,* 174 Misc. 601, 21 N.Y.S.2d 651 (1940), and New Jersey, *Hatch v. Hatch,* 15 N.J. Misc. 461, 192 A. 241 (N.J.Ch.1937). *Id.* at 383–84.

The next Kentucky case in which the doctrine was substantively discussed and applied is *Roos, supra.* The *Roos* Court explained that the doctrine of forum non conveniens "recognizes that there are certain instances in which a court properly vested with jurisdiction and venue *may,* nonetheless, *dismiss an action* if it determines that it is more convenient for the litigants and witnesses that the action be tried in a different forum." *Roos,* 580 S.W.2d at 508 (emphasis added). The *Roos* Court cited the leading case of *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), as establishing the test to be applied when determining whether a case should be dismissed on the grounds of forum non conveniens. *Id.* at 509, 67 S.Ct. 839.

Dismissal of an action based on grounds of forum non conveniens was approved of in *Williams v. Williams,* Ky.App., 611 S.W.2d 807 (1981). The *Williams* Court stated, "Although the court had jurisdiction of the case, it not only had a right, but also *a duty to consider the doctrine and to decline jurisdiction,* if appropriate." *Id.* at 809 (emphasis added).

In *Commonwealth v. Evans,* Ky.App., 645 S.W.2d 350 (1982), the Court of Appeals held that the doctrine of forum non conveniens does not apply to criminal cases. *Id.* at 351–52. This Court affirmed the Court of Appeals in *Evans v. Commonwealth,* Ky., 645 S.W.2d 346 (1982), in which we stated,

"The right to a change of venue is only bestowed by the statute, and the Legislature has authority to provide for the extent and manner of its exercise." *Heck v. Commonwealth,* 163 Ky. 518, 174 S.W. 19, 20 (1915).

"The only power the court has to grant a change of venue is conferred by the statute ..." *Penman v. Commonwealth,* 141 Ky. 660, 133 S.W. 540, 543 (1911).

Even if it were assumed that venue is a procedural matter and thus comes within the judicial province, it would be necessary that an appropriate rule of procedure be promulgated for uniform use and application throughout the system.

*The theory of forum non conveniens has one shortcoming which prevents its serving as an apt model for a change of venue. That is, it provides a basis on which one court may decline to entertain a case, but does not enable that court to force another court to take it. Theoretically we have in this state only one circuit court, but because there is no inherent authority for a judge in one circuit to move a case to the judge of another, the situation is the same as if the courts within the different circuits were separate.*

*Id.* at 347 (emphasis added).

Finally, the last published case to mention forum non conveniens, *Skidmore, supra,* did not approve of the intrastate use of forum non conveniens, nor did it sanction transfer of a case as part of the application of the doctrine. The *Skidmore* Court merely held that, under the facts of the case at bar, a writ of mandamus was not appropriate. *Skidmore,* 676 S.W.2d at 794.

Thus, the doctrine of forum non conveniens is clearly part of Kentucky common law. However, the cases applying the doctrine only hold that it gives the trial court the power to dismiss a case in certain circumstances even though jurisdiction and venue are proper. Further, we stated in *Evans* that the power to transfer a case is derived solely from statutory authority, and we indicated that the power to transfer a case is not a power inherent in the doctrine of forum non conveniens. Moreover, the authority upon which the doctrine has been adopted in the Commonwealth (federal, New Jersey and New York law, and the *Restatement, Conflict of Laws* ) does not couple the power to transfer a case with the application of the forum non conveniens doctrine.

The federal common law doctrine of forum non conveniens does not include the power to transfer a case to another court. In discussing the application of 28 U.S.C. § 1404(a), which expressly includes the power to transfer a case to another court for reasons of convenience, the U.S. Supreme Court stated,

The forum non conveniens doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine.

*Norwood v. Kirkpatrick,* 349 U.S. 29, 31, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

In New York, it appears that there is no appellate authority allowing for the transfer of a case from one county to another on the grounds of forum non conveniens. *Suffolk Chiropractic Center v.. Geico Insurance Company,* 171 Misc.2d 855, 656 N.Y.S.2d 107, 108 (N.Y.Civ.Ct.1997). In *Geico,* Judge Ritholtz stated, "In the absence of authority to transfer an action from one state to another, the granting of a forum non conveniens motion leads to a dismissal of the case." *Id.* at 857, 656 N.Y.S.2d 107. However, Judge Ritholtz found that he had the statutory authority "to transfer the venue of an action within the State from one county to another where 'the convenience of material witnesses and the ends of justice will be promoted by the change.' " *Id.,* quoting N.Y.Civ.Prac. L. & R. § 510(3). Thus, New York's doctrine of forum non conveniens does not include the power to transfer a case. As in the federal jurisdiction, transfer is only accomplished through a codification of the doctrine which expressly includes the power to transfer a case.

The New Jersey case, upon which the *Carter* Court cited approvingly, was not decided on grounds of forum non conveniens, but rather on a mixed bag of construction of a jurisdictional statute, principles of comity for the laws of other states, and the *Restatement, Conflict of Laws. Hatch,* 192 A. at 243–44. In fact, New Jersey did not expressly adopt the doctrine of forum non conveniens until 1954, seventeen years after *Hatch* was decided. *Gore v. United States Steel Corporation,* 15 N.J. 301, 104 A.2d 670 (N.J.1954). Consequently, *Hatch* is not direct precedent for the Commonwealth's adoption of the doctrine of forum non conveniens. Moreover, New Jersey's doctrine does not appear to include the power to transfer a case. In adopting the doctrine, the New Jersey Supreme Court relied exclusively on U.S. Supreme Court precedent, stating, "Under the doctrine of [f]orum non conveniens a court may decline jurisdiction where there is available another forum where trial will best serve the convenience of the parties and the ends of justice." *Id.* 104 A.2d at 672. Thus, New Jersey's doctrine of forum non conveniens was adopted from federal common law, which does not include the power to transfer.

Finally, the *Restatement (Second), Conflict of Laws* does not support the power to transfer a case.[1]

A court lacks power to transfer a case to the courts of another state. For this reason, *a court which finds itself to be an inappropriate forum under this section must dismiss the action outright,* or do so conditionally [ ], or else stay the action pending institution of suit and service of process upon the defendant in a more convenient forum.

*Restatement (Second), Conflict of Laws,* § 84 cmt. i (emphasis added).

■ Based on the above authority, the conclusion is inescapable that Kentucky's doctrine of forum non conveniens only empowers a trial court to dismiss or stay an action before it. As the trial court did not have the power to transfer the action to Marion County, it was acting beyond its jurisdiction when it did so, and a writ of prohibition is an appropriate remedy. *Bender v.*

---

1. While the Carter Court cited Tentative Draft No. 4, *Restatement, Conflict of Laws,* § 117e, *Carter,* 302 S.W.2d at 384, this is the same rule expressed in § 84. *See Restatement (Second), Conflict of Laws,* § 84 reporter's notes.

*Eaton,* Ky., 343 S.W.2d 799, 800 (1961). Therefore, the *Skidmore* Court erred in holding that a writ of mandamus was not appropriate because the petitioners had an adequate remedy on appeal. *See Chamblee v. Rose,* Ky., 249 S.W.2d 775, 777 (1952) (remedy by way of appeal is not the controlling consideration where the inferior court is without jurisdiction). Moreover, dismissal of an action on grounds of forum non conveniens is a final and appealable order. *Norwood,* 349 U.S. at 31, 75 S.Ct. at 546, 99 L.Ed. at 793.

For the foregoing reasons, we reverse and remand this case to the Court of Appeals to enter an order directing the trial court to reconsider Appellees' forum non conveniens motion in light of this opinion.

LAMBERT, C.J.; COOPER, GRAVES, STEPHENS, and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I believe that existing precedent requires that venue decisions are not reviewable by means of an extraordinary writ and that the denial of such a writ of prohibition or mandamus by the Court of Appeals should be affirmed.

*Skidmore v. Meade,* Ky., 676 S.W.2d 793 (1984), correctly determined that a decision to transfer a case on the grounds of forum non conveniens is not reviewable by a writ of mandamus.

The granting of mandamus is discretionary, and ordinarily is not available to question venue for the reasons that the remedy by appeal is adequate if any error as to venue is committed. *Skidmore v. Meade, supra.*

If any decision was erroneous as a matter of law or as an abuse of discretion, the question is reviewable on appeal after a final judgment. In similar cases, this Court has held that where there is no irreparable harm and the defendants have an adequate remedy by appeal, a writ of prohibition or mandamus is not appropriate. *See Fischer v. State Bd. of Elections,* Ky., 847 S.W.2d 718 (1993); *Pettit v. Raikes,* Ky., 858 S.W.2d 171 (1993), and many other published decisions of this Court.

The specific facts of this case indicate that it was correctly transferred under the doctrine of forum non conveniens. The only connection with Jefferson County is that Maker's Mark has an office there. The appellants and their supervisors, who would probably be witnesses, are employed in Marion County. Personnel records, seniority lists and other documents are also maintained in Marion County. The trial judge properly transferred this action on the grounds of forum non conveniens.

The decision of the Court of Appeals should be affirmed.