RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0949-MR

KIMBERLY STEWART                                                                 APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 17-CI-002575

CARDIOVASCULAR SPECIALISTS,
P.S.C.; AND CARDIOVASCULAR
SURGICAL CARE, PLLC                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND MCNEILL, JUDGES.

DIXON, JUDGE: Kimberly Stewart appeals the order dismissing her complaint

against Cardiovascular Specialists, P.S.C., and Cardiovascular Surgical Care,

PLLC, for improper venue entered by the Jefferson Circuit Court on July 24, 2020.

After careful review of the briefs, record, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This is Stewart's second appeal in this case. Another panel of our Court discussed the underlying facts in *Stewart v. Kentuckiana Medical Center, LLC*, 604 S.W.3d 264 (Ky. App. 2019), *disc. rev. denied* (May 20, 2020):

> The relevant facts of this action are as follows: Stewart is a resident of Indiana. [Kentuckiana Medical Center, LLC, (KMC)] is a Florida corporation that operated a hospital in Clarksville, Indiana. Dr. Chalhoub and Dr. Rumisek are both licensed to practice medicine in Indiana and Kentucky. Their practice groups, Cardiovascular Surgical Care, PLLC and Cardiovascular Specialists, PSC, are located in Louisville, Kentucky.
>
> On May 30, 2014, Stewart presented herself to the emergency room at KMC, complaining of a headache and a single fainting episode. The admitting physician called in Dr. Chalhoub for a cardiology consult. He diagnosed Stewart with bradycardia and sick sinus syndrome. Based upon this diagnosis, Dr. Chalhoub recommended that Stewart have a pacemaker installed. Dr. Chalhoub called in Dr. Rumisek for an additional consult and to perform the procedure.
>
> On June 2, 2014, Dr. Rumisek implanted a pacemaker in Stewart's heart. The following day, Dr. Rumisek performed a second surgery to adjust the lead placement. Subsequently, Stewart developed an infection at the surgical site. On June 18, 2014, Dr. Rumisek performed a surgical debridement to treat the infection. After each of the surgeries, Stewart followed up with both doctors at their Louisville offices. Stewart's last follow-up visit with Dr. Chalhoub was in September 2014, and her last follow-up visit with Dr. Rumisek was in August 2014.

On July 1, 2016, Stewart began treating with a new cardiologist, who advised her that she never had sick sinus syndrome and that the pacemaker was not medically necessary. Based on this information, Stewart filed the current complaint in Jefferson Circuit Court, naming KMC, Dr. Chalhoub, Dr. Rumisek, and their respective practice groups. In lieu of an answer, all of the defendants filed motions to dismiss pursuant to CR[1] 12.02. They argued that Stewart's action was barred due to her failure to comply with the medical review panel requirements of the Indiana Medical Malpractice Act. I.C.[2] § 34-18-8-4. As additional grounds for dismissal, KMC separately argued that Kentucky could not exercise personal jurisdiction over it.

After reviewing the briefs and arguments of counsel, the trial court granted the motions. The court found that it lacked subject-matter jurisdiction over Stewart's claims against Drs. [sic] Chalhoub and Dr. Rumisek until she complied with the medical-review panel provisions of the Indiana Medical Malpractice Act. Consequently, the court dismissed those claims without prejudice. The court also found that it lacked personal jurisdiction over KMC.

*Id.* at 267. That panel ultimately upheld the trial court's dismissal of Stewart's complaint against KMC and the doctors. That decision did not affect Appellees herein, as the trial court set aside its dismissal of Appellees while that appeal was pending.[3] Subsequently, Cardiovascular Specialists, P.S.C., and Cardiovascular

---

[1] Kentucky Rules of Civil Procedure.

[2] Indiana Code.

[3] The portions of the orders dismissing Cardiovascular Specialists, P.S.C., and Cardiovascular Surgical Care, PLLC, were set aside while the prior appeal was held in abatement. Thus, the

-3-

Surgical Care, PLLC, moved for summary judgment, which was granted by the trial court. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006).

## ANALYSIS

On appeal, Stewart argues the trial court erred in its dismissal of her remaining claims based on improper venue. Venue relates to the proper place for a claim to be heard. Matters of venue are left to the trial court's discretion and must be upheld absent an abuse of discretion. *Williams v. Williams*, 611 S.W.2d 807

prior panel did not review the trial court's dismissal of Stewart's complaint as to those two entities.

-4-

(Ky. App. 1981). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

We first note, as alluded to by the prior panel of our Court, the "doctrine of forum non conveniens recognizes that there are certain instances in which a court properly vested with jurisdiction and venue may, nonetheless, dismiss an action if it determines that it is more convenient for the litigants and witnesses that the action be tried in a different forum." *Beaven v. McAnulty*, 980 S.W.2d 284, 287 (Ky. 1998) (citation omitted), *superseded by statute as stated in Seymour Charter Buslines, Inc. v. Hopper*, 111 S.W.3d 387 (Ky. 2003). "Although the court ha[s or may have] jurisdiction of the case, it not only ha[s] a right, but also a *duty to consider the doctrine* [of *forum non conveniens*] *and to decline jurisdiction*, if appropriate." *Id.*

However, with the "enactment of KRS[4] 452.105, the General Assembly made it clear that venue should be transferred in a proper case, and that the action should not be dismissed." *Dollar Gen. Stores, Ltd. v. Smith*, 237 S.W.3d 162, 167 (Ky. 2007) (footnote added). Even so, it is well-established that a "court lacks power to transfer a case to the courts of another state. For this reason, *a*

---

[4] Kentucky Revised Statutes.

*court which finds itself to be an inappropriate forum under this section must dismiss the action outright*, or do so conditionally . . . or else stay the action pending institution of suit and service of process upon the defendant in a more convenient forum." *Beaven*, 980 S.W.2d at 287 (emphasis in original) (citation omitted). Here, because an action against the same parties based on the same facts is now pending in Indiana, where Stewart resides and where the alleged wrongful conduct occurred, the Jefferson Circuit Court acted within its authority and discretion when it declined jurisdiction and dismissed the action.

Furthermore, the previous panel of our Court specifically noted:

We find no significant contacts in this case supporting application of Kentucky law. Stewart is an Indiana resident, and she was treated in an Indiana hospital. The *only* contact with Kentucky arises from her follow-up visits with Dr. Chalhoub and Dr. Rumisek at their Louisville offices. However, *Stewart does not allege any independent negligence arising from those contacts in Kentucky*. Based upon the lack of significant contacts with Kentucky, we conclude that Indiana substantive law applies to her claim.

*Stewart*, 604 S.W.3d at 269 (emphasis added). It also explicitly stated, "To the extent that these claims remain pending against the practice groups, they may also be stayed or dismissed without prejudice under the doctrine of *forum non conveniens*." *Id.* at 270 n.5.

Nevertheless, Stewart contends Appellees waived their ability to raise lack of jurisdiction as a defense since they failed to specifically raise it in their first

motion to dismiss. Kentucky's highest court addressed this issue in *Martin v. Cornett-Lewis Coal Company*, 287 S.W.2d 164 (Ky. 1956), stating:

> On her appeal to this Court, Mrs. Martin contends that the Cornett-Lewis Coal Company waived its right to raise the question of improper venue by filing an answer in which affirmative relief was sought. The fallacy of this contention is apparent in the light of CR 12.02, which, in effect, provides that the defense of improper venue may, at the option of the pleader, be raised either by motion or by answer. CR 12.02 also permits several defenses to be raised and affirmative relief to be asserted by the answer. If we concede that the answer in this case sought affirmative relief, it would not preclude the defendant from relying on the defense of improper venue when it was timely made. See, Clay, CR 12.02; author's comments, 2 and 3.

*Id*. at 165. Here, Appellees note that no answer in this matter has yet been filed. Lack of jurisdiction may be raised as an affirmative defense in a motion to dismiss *or* an answer. Because an answer has not yet been filed in this matter, we agree with Appellees; they have not waived their ability to raise lack of jurisdiction as an affirmative defense.

We likewise find Stewart's reliance on *Underwood v. Underwood*, 999 S.W.2d 716 (Ky. App. 1999), misplaced. That panel of our Court held while "failure to specifically plead the defense may constitute a waiver of the defense, we do not conclude that the trial court's consideration of the issue was error." *Id.* at 720. Waiver need not be found where the affirmative defense is raised by timely motion that does not prejudice the plaintiff. *Id*. at 716; *Camarillo v. McCarthy*,

998 F.2d 638 (9th Cir. 1993) (defense not waived when raised in timely motion for summary judgment). The same principle applies to the case herein. Accordingly, we do not find the trial court's consideration of this issue erroneous.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Hans G. Poppe
Scarlette Burton Kelty
Louisville, Kentucky

BRIEF FOR APPELLEE
CARDIOVASCULAR
SPECIALISTS, P.S.C.:

Tracy S. Prewitt
Rachel A. Stratton
Louisville, Kentucky

BRIEF FOR APPELLEE
CARDIOVASCULAR SURGICAL
CARE, PLLC:

Donald K. Brown, Jr.
Mark E. Hammond
Rachel K. Dalton
Louisville, Kentucky