RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1476-MR

JOHN DEERE FINANCIAL, F.S.B.                                                    APPELLANT

v.
APPEAL FROM FLEMING CIRCUIT COURT
HONORABLE JEFFERY L. SCHUMACHER, JUDGE
ACTION NO. 24-CI-00122

PATRICK KIRBY                                                                           APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, EASTON, AND L. JONES, JUDGES.

EASTON, JUDGE: The Appellant John Deere Financial, F.S.B. ("JDF"), seeks

reversal of the final order of the Fleming Circuit Court dismissing JDF's

Complaint to collect on a credit account. Because the circuit court committed legal

errors in dismissing the Complaint, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The Appellee, Patrick Kirby ("Kirby"), had a credit account with

JDF. After a documented default in payment, JDF brought this collection case.

Kirby was served and defaulted by filing no answer. Kirby contacted JDF and worked out a payment agreement. The terms were submitted to the circuit court as an Agreed Judgment.

Instead of entering the Agreed Judgment, the circuit court *sua sponte* dismissed the case. It gave two reasons. After conducting its own research, the circuit court believed JDF was not properly registered to conduct business in Kentucky. Also, from a review of the governing credit agreement, the circuit court concluded that a reference to Wisconsin law made Wisconsin the proper forum.

JDF filed a motion to alter, amend, or vacate the dismissal order pointing out the two erroneous conclusions of the circuit court which had led to the initial dismissal. Not necessarily contesting these errors, the circuit court then stuck to its dismissal decision arguing that venue in Kentucky was a *forum non conveniens* or inconvenient place for the suit. Basically, the circuit court suggested that JDF file suit in Wisconsin. This appeal follows.

**STANDARD OF REVIEW**

The circuit court's ultimate conclusion was one of *forum non conveniens*. This conclusion is subject to review for an abuse of discretion. *Williams v. Williams*, 611 S.W.2d 807, 809 (Ky. 1981). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v.*

*Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). An error of law alone may result in an abuse of discretion. *Allen v. Eder*, 682 S.W.3d 32, 34 (Ky. App. 2023).

**ANALYSIS**

Before we begin our discussion of the errors committed by the circuit court, we must address Kirby's failure to file a brief. "If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." RAP[1] 31(H)(3). Our response to the failure to file a brief is a matter within our discretion. *Mullins v. Appalachian Regional Healthcare, Inc.*, 707 S.W.3d 1, 6 (Ky. App. 2025).

Being in default and having signed the Agreed Judgment, Kirby obviously was not arguing about venue. We see his failure to file a brief is a confession of error. We could elect option (b) or (c), but we choose (b) because we conclude JDF's brief sustains a reversal, but it is also important in these circumstances to address the merits of the circuit court's decision.

The first error resulted from factual research conducted by the circuit court. Although no party raised the issue, the circuit court investigated JDF's

---

[1] Kentucky Rules of Appellate Procedure.

status.  The circuit court found an online listing with the Kentucky Secretary of State for "Deere Credit Services, Inc.," a corporation in good standing with a prior assumed name of "John Deere Financial," which had expired years ago.

Outside of the limited exception provided by judicial notice, trial court judges generally should not gather evidence to establish facts.  *Marchese v. Aebersold*, 530 S.W.3d 441, 446-48 (Ky. 2017).  One might argue that JDF's status with Kentucky's Secretary of State could be seen as a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  KRE[2] 201(b)(2).  Yet *Marchese* strongly counsels against using judicial notice to find significant facts about the parties which may substantially impact their situation in the case.  As illustrated by this case, there is a danger of reaching inaccurate conclusions about a party through unilateral factual research.

A party who may be impacted by a fact judicially noticed has a right to an opportunity to be heard.  KRE 201(e).  Had notice been given before rejection of the Agreed Judgment, the first error made by the circuit court may have been avoided.  When JDF was given the opportunity to be heard after the judicial notice, the legal error became apparent.  As the acronym F.S.B. indicates, JDF is a federal savings bank subject to federal regulation.  It is not required to register with the Kentucky Secretary of State to conduct its business in Kentucky.

---

[2] Kentucky Rules of Evidence.

12 U.S.C.A.[3] § 25b.  *See Williams v. Chase Bank USA, Inc.*, 390 S.W.3d 824 (Ky. App. 2012).

The next error resulted from the circuit court's conflation of forum selection and choice of law provisions in contracts.  The contract governing this case had no provision directing that suit be brought in a specific forum, such as the listed place of business for JDF in Wisconsin.  Rather, the contract simply said under the heading of GOVERNING LAW:  "this Agreement and your account will be governed by . . . to the extent state law applies to this Agreement the substantive law of the State of Wisconsin."

Because America is a federal union of states, the courts of our Commonwealth will sometimes be called upon to decide which state's law applies to a dispute.  Kentucky applies the law of the state with the most significant relationship to the parties and transaction involved.  *Schnuerle v. Insight Communications Co., L.P.*, 376 S.W.3d 561, 566-67 (Ky. 2012).  Before the circuit court again refused to enter the Agreed Judgment, JDF conceded that Kentucky law would apply.  No conflict of law was presented.

This leaves the final error, dismissal on grounds of *forum non conveniens*, a venue-related doctrine never raised by the parties.  Venue of this case was proper, which is a predicate for the application of *forum non conveniens*.

---

[3] United States Code Annotated.

*Dollar General Stores, Ltd. v. Smith*, 237 S.W.3d 162, 166 (Ky. 2007). Because

Kirby lives in Fleming County and was summonsed there, venue was proper.

KRS[4] 452.480. Also, Kirby was required to raise the issue of improper venue or

waive it. CR[5] 12.08(1). Kirby waived it.

Plaintiffs generally have the right to choose their preferred forum.

Here JDF chose Kentucky for understandable reasons, which experience with such

cases teaches. JDF would not want to face any question about personal jurisdiction

in Wisconsin for Kirby who may have had no contacts with Wisconsin other than

the credit account. It makes sense generally to sue where the debtor lives, not only

removing questions about personal jurisdiction, but also making collection easier

in the debtor's home state, without the added expense of domesticating a foreign

judgment.

The only justification for dismissal due to *forum non conveniens*

offered by the circuit court was that "this Court has no idea if the terms of the

parties [sic] proposed 'agreed judgment' comply or comport with Wisconsin law or

not. Further, it is not this court's duty or obligation to undertake or review the

agreed judgment for compliance with Wisconsin law."[6] Had Wisconsin law

---

[4] Kentucky Revised Statutes.

[5] Kentucky Rules of Civil Procedure.

[6] Record at 32.

applied, which it did not, it would have indeed been the duty of the circuit court to apply Wisconsin law as we have explained. But no one asked the circuit court to do so.

The inconvenience which forms a part of the *forum non conveniens* doctrine is that experienced by the parties and witnesses, not the judge. *See Roos v. Kentucky Educ. Ass'n*, 580 S.W.2d 508 (Ky. App. 1979).

## CONCLUSION

The Fleming Circuit Court abused its discretion in dismissing this case on the basis of *forum non conveniens*. As a result, we REVERSE the dismissal of the Complaint. The timeframe for the repayment envisioned by the tendered Agreed Judgment may have been frustrated by its rejection. Interest has continued to accrue on the debt. We cannot say whether the parties are still in a position to reach an agreement or whether further proceedings will now be required to establish and enforce the debt. For this reason, we REMAND the case to the Fleming Circuit Court for the submission of an Agreed Judgment or for further proceedings to adjudicate the amount owed, there being no present question of liability due to Kirby's default.

ALL CONCUR.

BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.
James T. Hart
Cincinnati, Ohio